**ORIGINAL**



**COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

Name  <u>Carmichael    Raynell</u>

    (Last)         (First)        (Initial)

Prisoner Number <u>D-25366</u>

Institutional Address <u>San Quentin State Prison-2N1-L</u>

<u>San Quentin, CA. 94974</u>

**FILED**

NOV - 6 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

=====================================

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

<u>Raynell Carmichael</u>
(Enter the full name of plaintiff in this action.)

        vs.

<u>Roderick Hickman, James E. Tilton</u>,
<u>Secretary of the Department of</u>
<u>Correction & Rehabilitation</u> )
<u>Robert Sillen-Federal Receiver</u>
<u>Health Care. Medical phsician at</u>
<u>High Desert & San Quentin State</u>
<u>Prison, Et, et. al.,</u>
(Enter the full name of the defendant(s) in this action))

**CV 07   5622**

**CW**

**(PR)**

Case No. _____
(To be provided by the clerk of court)

**COMPLAINT UNDER THE**
**CIVIL RIGHTS ACT,**
**42 U.S.C §§ 1983**

E-filing

*[All questions on this complaint form must be answered in order for your action to proceed..]*

I.    <u>Exhaustion of Administrative Remedies</u>

    [**Note:** You must exhaust your administrative remedies before your claim can go

    forward. The court will dismiss any unexhausted claims.]

    A.    Place of present confinement <u>San Quentin State Prison</u>

    B.    Is there a grievance procedure in this institution?

            YES (x)    NO ( )

    C.    Did you present the facts in your complaint for review through the grievance

        procedure?

            YES (x)    NO ( )

    D.    If your answer is YES, list the appeal number and the date and result of the

1    appeal at each level of review.  If you did not pursue a certain level of appeal,

2    explain why.

3    1. Informal appeal In accordance with ADA-Americans with
     Disabilities Act. The decision rendered on this CDC

4    CDC-1824-constitutes a decision at the First Level of
     review, are to proceed to second Level PARTIALLY

5    GRANTED-NOVEMBER 17, 2006,                              2. First

6    formal level       "Same as above"

7

8

9    3. Second formal level July 17, 2007, appeal is PARTIALLY

10    GRANTED in that, the test recommend by Dr. shavit was
     performed, also other consultations recommended by Aug
     29, 2006, Dr. Madrilejo April 26, 2007, Dr. O'Connell

11    May 25, 2007, has not been performed                4 Third

12    formal level AUGUST 16, 2007, Director's Level Decision
     Appeal is DENIED Inmate is dissatisfied due to 2½-plus

13    years untreated bone disease. the continue Delays,
     Denial and Obstruction of treatment. the Bone disease

14    Spreading to Multiples Bones Sites.

15    E.    Is the last level to which you appealed the highest level of appeal available to

16          you?

17                YES (XX)      NO ( )

18    F.    If you did not present your claim for review through the grievance procedure,

19    explain why.

20

21

22  II.    Parties

23    A.    Write your name and your present address.  Do the same for additional plaintiffs,

24          if any.

25  Raynell Carmichael, D-325366

26  San Quentin State Prison-2N1-L

27  San Quentin, CA. 94974

28    B.    Write the full name of each defendant, his or her official position, and his or her

COMPLAINT              -2-

# ORIGINAL

1 | Raynell Carmichael, D-25366
2 | San Quentin State Prison-2N-1-L
San Quentin, CA. 94974

3 | In Propria Persona

4 |

5 | IN THE UNITED STATES DISTRICT COURT

6 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

7 |

8 | Raynell Carmichael

9 |        Plaintiff                          | Case No. _____

10 |                                          | CIVIL RIGHTS

11 |    VS.                                   | COMPLAINT

12 |

13 | James E. Tilton, Secretary of The Department | Demand For Jury
of Corrections and Rehabilitation:
14 | Warden, High Desert State Prison, Chief Medical | Trial
Officer, Dr. Richard W. Sandhan, M.D., Dr. Roche,
15 | M.D; Dr. Jeffery Rohilfing, M.D., Dr. Dial, M.D.
Dr. Dickson, M.D.-Warden, Robert Ayres,
16 | San quentin State Prison, Chief Medical Officer,
Dr. Jack ST. Clair, M.D. CMO-Dr. Karen Saylor,
17 | M.D. CMO-Dr. Rene Kanan, M.D., Dr. Sundarson, M.D.
Dr. Wilson, M.D. Dr. Claren David, M.D. Dr. Indu
18 | Zalpuri, M.D. Dr. Emami, M.D. Dr. Slater, M.D.
Dr. Daszko, J. M.D. Dr. Corzine, M.D.-Practitioner
19 | Erickson, and Hopking; DOES 1 thru 10, inclusive,

20 |        Defendants.

21 |

22 |            I. JURISDICTION

23 |

24 | 1.  This is civil action authorized by 42 U.S.C. section 1983

25 | to redress the depivation, under color of state law, of rights

26 | secured by the contitution of the united states. The court has

27 | jurisdiction under 28 U.S.C. section 1331 and 1343 (a) (3).and over

28 |

1   all pendent law. Plaintiff seeks compensatory damages, declaratory

2   relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff claim

3   for injunctive relief are authorized by 28 U.S.C. Section 2883 &

4   2284 and Rule 65 of the Federal Rules of Cilvil Procedure. Plaintiff

5   proceeds under 28 U.S.C. § 1915.

6

7   2.  The NORTHERN DISTRICT OF CALIFORNIA. is an appropriate venue

8   under 28 U.S.C. Section 1391 (b)(2) because it is where the events

9   giving rise to this clam occurred.

10

11                          parties to the action

12

13                          LL.PLAINTIFFS

14   3.  Plaintiff, Raynell Carmichael, is and at all times mentioned

15   herein a prisoner of the State of California in the Custody of the

16   California Department of Corrections and Rehabilitation. He was,
                                    High Desert State Prison.
17   at all times mentioned herein, confined at Susaville, California.

18   He is currently confined in San Quentin state Prison, in San Quentin,

19   California.

20

21                          IIII. DEFENDANTS

22   4.  Defendant, RODERICK HICKMAN, was the Seretary of the California

23   Department of Corrections and Rehabilitation of atal times mentioned

24   herein while at High Desert State Prison. Drefendent, James E. Tilton,

25   is the Secretary of the California Department of Correction and

26   Rehabilitation at all times mentioned herein at all times mentioned

27   herein. They was legally responsible for the care and treatment of

28   all inmates housed in the CDCR. They was likewise legally responsible

1   for the acts and / or omissions of all arms, agencies, and

2   departments of the CDCR. Defendant HICKMAN, Tilton, was in and is

3   in a position of authority where they knew or should have knows

4   that the policies and practices of the CDCR and its agents were

5   subjecting plaintiff toviolations of his Constitutional Rights.

6   Defendant HICKMAN & Tilton, is being sued in his individual and

7   official capacity.

8

9     5.  Defendat, Robert Sillen, is the Federal Receiver of the

10  Department of Correction and Rehabilitation of the State of California

11  California, He is legally responsible for the over all operation of

12  the California Prison Health Care Receivership CORP.

13

14    6.  Defendat, Richard W. Sandhan, M.D. is and was at all times

15  mentioned herein at High sesert State Prison, Defendant Sandhan,M.D.

16  is responsible for all operations of the Medical Department at

17  High Desert State Prison. He is also responsible for the care and

18  treatmentof all prisoners under the umbrella of his authority.

19  Defendat Sandhan, M.D. is likewise responsible for all medical

20  personnel under his command and all treatment operation performed

21  by same. Defendat Sandhan, M.D. is in a position of authority where

22  he knew or should have known that the acts and / or omissions of

23  the Medical Department and its staff toward plaintiff's Serious

24  medical condition was such that plaintiff would suffer irreparable

25  injury and deny him the rights afforded him by the laws of this

26  state and the U.S. Constitution. Defendant Sandham, M.D. is being

27  sued in his individual and official capacity.

28

7.  Defendat, Dr. Roche, Chief surgeon, M.D. is and was at all

times mentioned herein a physiciam employed by the Medical Department

at High Desert State Prison. Dr. Roche, M.D. was legally responsible

for the care and treatment of all prisoners under referral by the

appropriate administrative medical procedures. defendat Dr. Roche,

M.D. Chief surgeon, was in a postition of authority where by he

knew or shluld have known that his acts and / or omissions would

subject plaintiff to irreparable harm and denial of his rights

under the laws of this state and the U.S. Constitution. Defendat

Dr. Roche, M.D. is being sued in his individual and official capacity.


8.  Defendat, Dr. Jeffery William Rohlfing, M.D. an Orthopedic

suregeon, is and was at all times mentioned herein a physician

employed by the Medical Department at High Desert State Prison.

Dr. J.W. Rohlfing, M.D. was legally responsible for the care and

treatment of all prisoners under referral by the appropriate

adminstrative medical procedures. He was responsible for the care

and treatment of all inmates assigned to Yard-3, wherein plaintiff

was housed. Defendat, Dr. Rohlfing, M.D. was in a position of

authority where by he knew or should have known that his acts and

/or omissions would subjuect plaintiff to irreparable harm and the

denial of his rights under the laws of this state and the U.S.

Constitution. Defendat Dr. Jeffery William Rohlfing, M.D. is being

sued in his individual and official capacity.


9.  Defendat,Dr. Dickenson, M.D. is and was at all times mentioned

herein a physician employed by Medical Department a High Desert

State Prison . Dr. Dickenson, M.D. was legally responsible for

4.

1  the care and treatment of all prisoners under referral by the

2  appropriate administrative medical procedures. Defendat Dr.Dickenson,

3  was in a position of authority whereby he knew or should have known

4  that his acts and / or omissions would subject plaintiff to

5  irreparable harm and denial of his rights under the laws of this

6  State and the u.S. Constitution. Defendat Dr. dickenson, M.D. is

7  being sued in their individual and official capacity.

8

9  10.  Defendant, Dial, M.D. is and was at all times mentioned herein

10  aphysician employed by the Medical department at High Desert state

11  Prison. Dr. Dial, M.D. Dr. Dial was leigally responsible for the

12  care and treatment of all prisoners under referral by the appropriate

13  administrative medical procedures. Defendant Dr. Dial, M.D. was in

14  a position of authority whereby knew or should have known that

15  his acts and / or omissions would subject plaintiff to irreparable

16  harm and denial of his rights under the laws of this state and the

17  U.S. Constitution. Defendat Dr.Dial, M.D. is being sued in their

18  individual and official capacity.

19

20  11.  Defebdat, Dr. James, M.D. is and was at all times mentioned

21  herein a physician employed by the Medical Department at High

22  Desert State Prison. Dr. James, M.D. was legally responsible for

23  the care and treatment of all prisoners under referral by the

24  appropriate administrative medical procedures. Defendat Dr. James

25  M.D. was in a position of authority whereby he knew or should have

26  known that his acts and or omissions would subject p;aintiff to

27  irreparable harm and denial of his rights under the laws of this

28  State and the U.S. Constitution. Defendant Dr. James,M.D. is being

1  sued in their individual and official capacity.

2

3  12.  Defendats, Dr. Jack St. Clair, M.D. Chief Medical Officer,

4  CMO-Dr. Karen Saylor, M.D. CMO-Dr. Rene Kanan, M.D. were and are

5  at all times mentioned herein at San Quentin State Prison, Defendant

6  CMO-Dr. Jack ST. Clair, M.D., CMO-Dr. Karen Saylor, M.D., CMO-Dr.

7  Rene Kanan, M.D. these defendants are was and is responsible for

8  all operations of the Medical Department at San Quentin state Prison.

9  They are also responsible for the care and treatment of all prisoners

10  under the umbrella of there authority . Defendants Dr. Jack ST. Clair

11  M.D. Dr. Karen Saylor, M.D. and Dr. Rene Kanan, M.D. were and are

12  in a position of authority where they knew or should have known that

13  there acts / or omissions of the Medical Department and its staff to

14  ward plaintiff's serious medical condition was such that plaintiff

15  would suffer irreparable injury and deny him the rithts afforded

16  him by the laws of this state and the U.S. Constitution. Defendants

17  CMO-Dr. Jack ST. Clair, M.D. CMO-DR. KaRen Saylor, M.D. and CMO-Dr.

18  Renen Kanan, M.D. are being sued in there individual and offical

19  capacity.

20

21  13.  Defendant, Dr. sundarson, M.D. is and was at all times mentioned

22  herein a physician employed by the Medical Department at San Quentin

23  State Prison. Dr. Sundarson was legally responsible for the care

24  and treatment of all prisoners under referral by the appropriate

25  administrative medical procedures. Defendant Dr. sundarson, M.D.

26  was in a position of authority where by he knew or should have known

27  that his acts and / or omissions would subject plaintiff to

28  irreparable harm and denial of his rights under the laws of this

6.

1  state and the U.S.Constitution. Defendat Dr. Sundarson, M.D. is

2  being sued in his individual and official capacity.

3

4  14.   Defendant Dr. Wilson, M.D. is and was at all times mentioned

5  herein a physician employed by the Medical Department at San Quentin

6  State Prison. Dr. Wilson, M.D. was legally responsible for the care

7  and treatment of all prisoners under referral by the appropriate

8  administrative medical procedures. Defendant Dr. Wilson, M.D. was

9  in a position of authority where by he knew or shluld have known

10 that his acts and / or omissions would subject plaintiff to

11 irreparable harm and denial of his rights under the laws of this

12 state and the U.S. Constitution. Defendat Dr. Wilson, M.D. is being

13 sued in his individual and official capacity.

14

15 15.   Defendant Dr. Clarene David, M.D. is and was at all times

16 mentioned herein a physician employed by the Medical Department at

17 San Quentin state Prison. Dr. Clarene David, M.D. was legally

18 responsible for the care and treatment of all prisoners under referral

19 by the appropriate administrative medical procedures. Defendant

20 Dr. Clarene David, M.D. was in a position of authority where by she

21 knew or should have known that her acts and / or omissions would

22 subject plaintiff to irreparable harm and denial of his rights under

23 the laws of this state and the U.S. Constitution. Defendant

24 Dr. Clarene David, M.D. is being sued in her individual and official

25 capacity.

26

27 16.   Defendant Dr. Emami, M.D. is and was at all times mentioned

28 herein a physician employed by the Medical Department at San Quentin

7.

1  State Prison. Dr. Emami, M.D. was legally responsible for the care

2  and treatment of all prisoners under referral by the appropriate

3  administrative medical procedures. Defendant Dr. Emami, M.D. was in

4  a position of authority where by he knew or should have known that

5  his acts and / or omissions would subjuect plaintiff to irrepable

6  harm and denial of his rights under the laws of this state and the

7  U.S. Constitution. defendat Dr.Emami, is being sued in his individual

8  and official capacity.

9

10  17.  Defendant Dr. Slater, M.D. is and was at all times mentioned

11  herein a physician employed by the Medical Department at san Quentin

12  State Prison. Dr. Slater, M.D. was legally responsible for the care

13  and treatment of all prisoners under referral by the appropriate

14  administrative medical procedures. Defendant Dr. Slater,M.D. was in

15  a position of authority where by he knew or should have known that

16  his acts and / or omissions would subject plaintiff to irreparable

17  harm and denial of his rights under the laws of this state and the

18  U.S. Constitution. defendant Dr. Slater, M.D. is being sued in his

19  individual and official capacity.

20

21  18.  Defendant Dr.Indu Zalpuri, M.D. is and was at all times

22  mentioned herein a physician employed by the Medical Department at

23  San Quentin State Prison. Dr. Indu Zalpuri, M.D. was legally

24  responsible for the care and treatment of all prisoners under

25  referral by the appropriate adiministrative medical procedures.

26  Defendant Dr. Indu Zalpuri, M.D. was in a position of authrity where

27  by she knew or should have known that her acts and / or omissions

28  would subject plaintiff to irreparable harm and denial of his rights

8.

1  under thelaws of this state and the U.S. Constitution. Defendant

2  Dr. Indu Zalpuri, M.D. is being sued in her individual and official

3  capacity.

4

5  19.  Defendant Daszko, J. M.D. is and was at all times mentioned

6  herein a physician employed by the Medical Department at San Quentin

7  state Prison. Dr. Daszko. J. M.D. was legally responsible for the

8  care and treatment of all prisoners under referral by the

9  appropriate administrative medical procedures. Defendant Dr. Daszko,

10  J. M.D. was in a position of authority where by he knew or should

11  have known that his acts and / or omissions would subject plaintiff

12  to irreparable harm and denial of his rights under the laws of this

13  state and the u.S. Constitution. Defendant DR. Daszko, J. M.D. is

14  being sued in his individual and official capacity.

15

16  20.  Defendant Dr. Corzine, M.D. is and was at all times mentioned

17  herein a physician employed by the Medical Department at San Quentin

18  state Prison. Dr. Corzine, M.D. was legally responsible for the care

19  and treatment of all prisoners under referral by the appropriate

20  administrative medical procedures. Defendant Dr. Corzine, M.D. was

21  in a position of authority where by he knew or should have known

22  that his acts and / or omissions would subject plaintiff to

23  irreparable harm and denial of his rights under the laws of this

24  state and the U.S.Constitution. defendant Dr. Corzine, M.D. is being

25  sued in his individual and official capacity.

26

27  21.  Defendant Practitioner-Erickson, is and was at all times

28  mentioned herein aphysician employed by the Medical Department at

9.

1   San Quentin State Prison. Practitioner-Erickson, was legally
2   responsible for the care and treatment of all prisoners under
3   referral by the appropriate administrative medical procedures.
4   Defendant Practitioner-Erickaon was in a position of authority where
5   by she knew or should have known that her acts and / or omissions
6   would subject plaintiff to irreparable harm and denial of his rihts
7   under the laws of this state and the U.S.Constitution. Defendant
8   Practitioner-Erickson is being sued in her individual and official
9   capacity.
10
11  22.  Defendant Practitioner Hopking  is and was at all times
12  mentioned herein a Practitioner-Hopking employed by the Medical
13  Department at San Quentin State Prison. Practitioner-Hopking was
14  legally responsible for the care and treatment of all prisoners
15  under referral by the appropriate administrative medical procedures.
16  Defendant Practitioner-Hopking was in a position of authority where
17  by she knew or should have known that her acts and / or omissions
18  would subject plaintiff to irreparable harm and denial of his rights
19  under the laws of this state and the U.S. Constitution. Practitioner
20  Hopking is being sued in her individual and official capacity.
21
22  23.  Defendant N. GRANNIS is and was at all times mentined herein
23  the Chief of Inmate 'Appeals for the CDCR. Defendant GRANNIS is
24  responsible for the Administrative Review Process of the CDCR, and
25  for review of appeals submitted for Director's Level decisions. In
26  the instant case, Defendant GRANNIS took personal responsibility
27  for denial of plaintiff's grievances in regard to violations of the
28  Director's review of these matters. Defendant GRANNIS is in a

1  position of authority where by he knew, or should have known, that

2  the acts and / or omissions of the medical department and medical

3  staff was such that plaintiff would be subjected to irreparable

4  injury and be denied the protection of the laws of this State and

5  the U.S. Constitution. Defendant GRANNIS is being sued in his

6  individual and official capacity.

7

8  24.  Defendants DOES 1 thru 10, inclusive, are included to be

9  defined at a later date pending lawful discovery and subsequent

10  knowledge of their existence and party to this action. These

11  defendants are currerntly UNKNOWN NAMED defendants.

12

13  25.  Plaintiff here with asserts that the aforementioned defendants

14  have acted in concert, conspiratorially, with callous disregard,

15  sulpable state of mind, and with deliberate indifference to

16  plaintiff's health, welfare, and rights as afforded by the U.S.

17  Constitution. All named Defendants knew or should have known that

18  their acts and /or omissions would place plaintiff at substantial

19  risk of serious harm and failed to take reasonable measures to

20  abate it.

21

22                          III  the

23                 HIGH DESERT STATE PRISON

24                    STATMENT OF FACTS

25  26.  On and ablut March 2003, Plaintiffs was transferred from

26  Delano State Prison Reception Center to High Desert State Prison

27  Level #3, A-Yard. Plaintiff suffered with High Blood Pressure and

28  excruciating and debilitating Lower Back Pain, Neck, Left Shoulder

1  Elbow, Right & Left Knee, Left ankle, Spine, Osteoarthrits, aches,

2  pain, poping and Cracking-Joints, Chronic Cluster Head Aches, IBS

3  Irritable Bowel Syndrome, Chronic Constipation;

4

5  27.  Plaintiff on July 2003, received various forms of diagosis and

6  treatment from the defendants to this action which have fallen far

7  below minimal standards of care as prescribed by the laws of this

8  state, the contact of the U.S.Constitution, and the Minimum Stand

9  ards of decency of the evolving Society,

10

11  28.  Plaintiff contends that while at HDSP. from July of 2003, and

12  June 28, 2005, Plaintiff was examined/treated by each of these

13  degendants, Doctor's Dr. Brown, Dr. Dickerson, Dr. Dial, Dr. James,

14  Dr. Roche, Dr. Jeffery Rohlfing, CMO-Dr. Richard Sandham, They order

15  ed X-Rays, Blood Test, to ascertain the cause of plainfiff's pain and

16  suffering, also H-High out of Rang-Elevated Alkaline phosphatase,

17  during that time period there was No diagnosis of plaintiff's malady

18  has been forthcoming from any of the named defendants. Plaintiff

19  assets that these same defendants have either prescribed, reviewed

20  Blood Lab Test, Renewed Sign & forwarded NOTIFICATION OF DIAGNOSTIC

21  TEST RESULTS, or otherwise advocated the prescription of pain

22  medication to plaintiff for his undiagnosed serious medical condition.

23

24  29.  On November 3, 2003, Plaintiff filed an Inmate Appeal Form CDC-

25  1824, ADA-Log#03-2329, as a grievance to the aforementioned Medical

26  issues. Plaintiff alerted the Medical Department & physicians to the

27  fact that my pain and suffering was still on going. Plaintiff

28  further informed the physicians that the Ibupforfen and chlorzoxazone,

11.

1  Motrin, Naproxen etc, prescribed to me were ineffective in releieving
2  me of my pain.

3

4  30.  Plaintiff contends that while at HDSP and with in the ADA-Appeal
5  I have state, and requested Vioxx 50mgs or Celebrex 100mgs, medication
6  to help releave the severe pain and suffering that stem from Osteo
7  arthritis this prognosis and the physician remarks to me. That was
8  some thing that I just had to live with and that there was nothing
9  else that they could do or give me for pain. Plaintiff submits that
10  this bears strongly on the inadequacy of the medical care provided
11  by defendants in this action.

12

13  31.  Plsintigg reiterated my concerns that he was being denied
14  adequate medical care, was being treated with deliberate indifference
15  to his serious medical needs, was being improperly diagnosed, and
16  was being improperly medicated, It is well documened that none of
17  these physician Never ordered an specifie blood test to determined
18  the true cause of the H-High out of Rang-Elevated Alkaline phosphatase

19

20  32.  Plaintiff had an examination by Dr. Jeffery Rphlfing who is an
21  Orthopedic Suregeon, He deals with Bones! Now out of all the other
22  Physicians Dr. Rohlfing knew or should have known that once he seen
23  the Elevated Alkaline phosphatase. that ment that some thing is wrong
24  with the bones. This defendant as well as Dr. Dickson, M.D. Dr. Roche,
25  M.D. Chief physician & surgeon and Richard W. Sandham, M.D. Chief
26  Medial Officer Copies was sent to the warden, H.D.S.P-Health Care
27  Manage, H.D.S.P.- appeal coordinator, HDSP medical appeals analyst,
28  HDSP where sent copies of this appeal, and some even sign off on them.

1  These physician even checked boxes on Medical forms that I was in

2  normal range and I didn't require any follow up treatment and that

3  said actions along with others lead to the further significant harm

4  cause physical injury mental emotional injury.

5

6  33.  Plaintiff contends that base upon information and belief. That

7  Dr. Jeffery rohlfing and orthopedic surgeon at High Desert state

8  Prison, in susaville, CA. fails under investigation by lawmakers at

9  the State Capitol. doctors who have spotty backgrounds and the

10  competency of state prison Doctors is Questioned. Dr. Rohlfing is on

11  that list. See "Exhibit"         ;

12

13  34.  Plaintiff, would submit that the facts belie the findings of

14  defendant N. GRANNIS and run contrary to adequacy espoused by the

15  defendant and the Medical Department as a whole, such as LVN, RN,

16  Nure Practitioner. physician's Assistant, one need only consider

17  the fact that from July 2003, - June 28, 2005, those years of

18  documented pain and suffering by plaintiff, the Blood Test & X-Rays

19  and visits with myriad of physicians, and the prascription of daily

20  pain medication over an extensive period of time clearly defines the

21  need for other Blood Test, Consultations and physical therapy, as

22  a medical necessity, the very fact that plaintiff was ovver 50 years

23  of age, with a family history with High Blood pressure, and chrinc

24  care patient should have been place on an list for other consultations

25  and referrals to find out the cause of the Elevated Alkaline

26  phosphatase is an admission by there "emerging pattern of inadequate

27  and seriously deficient physician quality" by the responsible

28  defendants that such is the case, Being that defendant's own review

13.

1  of plaintiff's medical file show that all of plaintiff's Blood Test

2  in comparison, denote findings that appear to be still in H-High out

3  of Range, plaintiff would submit that the Information garnered by

4  medical staff from 2003, and the facts relevant to date, in 2007,

5  have not changed in any drastic form. plaintiff is place on a waiting

6  list for out side consultation, Due to denial delays & Obstructions

7  Plaintiff still suffers with debilitating pain for the last three

8  years and, only now, plaintiffis place on list for out side

9  consultation an act that may still not take place due to plaintiff's

10

11                                III

12                    San Quentin State Prison

13                     STATEMENT OF FACTS

14  35.  On or about June 28, 2005, Plaintiff was transferred from

15  High Desert State Prison to San Quentin State Prison. Plaintiff was

16  examined by Health Care Staff on duty at the Reception Center

17  screenings and Evaluations. Medical staff reviewed my Medical records

18  at that time.

19

20  36.  Plaintiff contends that since June 28, 2005, to the present he

21  has received different diagnosis and treatment s from the defendants.

22  which has fallen below the minimal standard to medical practices and

23  ethical conduct as prescribed by the laws of this state, and of the

24  U.S.Constitution, and the Minimum Constitutional Standards of this

25  present day society.

26

27  37.  Plaintiff contends that between June 28, 2005, and May 25, 2006,

28  defendants Dr. Sundarson, Dr. Wilson, Dr. David. Practitioner,

                                14.

1   Erickson, & Hopking, Dr. Emami, Dr. Sakata, Never initated a specific

2   Blood Test to find out the cause of the H-High out of Range Elevated

3   Alkaline phosphatase, and the constant intense suffering along with

4   debilitating Back pain, and other joints with in my Body. their has

5   been no diagnosis of plaintiff's malady. has been far coming from

6   any of the name defendant. plaintiff assets that these same defedants

7   have either ordered Blood Test, Reviewed Blood Test, prescribed,

8   renewed, or other wise recommend many prescripton of pain medication

9   to plaintiff for his diagnosed and undiagnosed for his serious

10  medical needs.

11  .

12  38.  Plaintiff contends that there are various other strongly

13  inadequacy of medical care that was provided by the defendants with

14  in this action. Dr. Wilson, order an routine Colonoscopy August 16,

15  2005, it wasn't profromed untill august 24, 2006, over a Year.

16  delay in medical treatment. plaintiff was in substantial pain.

17

18  39.  Plaintiff contends that due to various other inadequate medical

19  treatment, delays-Denial and Obstructions, by all the name defendants

20  Plaintiff filed an ADA-Americans with Disabilities Act, Appeal Log#

21  06-1277, which was forwarded to the CMO-Chief medical Officer, Jack

22  ST. Clair, between April 17, 2006, and May 17, 2006, the CMO was

23  removed from his position and Escorted off San Quentin groungs, and

24  replace by Dr. Karen Saylor, M.D. as new CMO, "See Exhibit No.      ,

25

26  40.  Plaintiff contends that he was denied an Colonscopy, substandard

27  care each time seen by Practitioner-Erickson, misdiagnosis plaintiff

28  with liver disease or damage and Hepatitis, Inadequate treatement

15.

1  for H-High out of range Cholesterol, and fail to initiate an Blood

2  Test to determine the cause of the Elevated Alkaline phosphatase.

3

4  41.  Plaintiff contends that Dr. Emami provided Inadequate medical

5  treatment when he fail to ascertain a Blood Test to find out the

6  cause of the Elevated Alkaline phosphatase.

7

8  42.  Phaintiff contends that he was delayed on many occasion from

9  June 28, 2005, to present 2007, In receiving medical records in a

10  timely matter.

11

12  43.  Plaintiff contends that he was examine on May 25, 2006, by

13  physician Dr. Michael Scott, who review the Blood Lab Test of the

14  Elevated Alkaline phosphatase and prescribed pain medication, and

15  ordered various other test and x-Rays and CT-Bone Scan, It suggested

16  that patients medical problems could be due to 1 of 3 ,OSTEOPENIA,

17  MULTIPLE MYELOMA and/or METASTATIC disease as blood test came in.

18  They strongly was leading towards Multiple Myeloma.

19

20  44.  Plaintiff contends that he contacted the CMO-Dr. Saylor, M.D.

21  of my present medical crisis that I was in need of help to speed up

22  the treatment and an complaint about Dr. Wilson who denied pain

23  medication for my serious medical condition. June 19, 2006. I was

24  in chronic and serious pain.

25

26  45.  Plaintiff contends that he was seen by Dr. Liz Suiter, M.D.

27  Dr. Shira Shavit, M.D.  on August 29, 2006, They drafted a letter

28  from University of Californis,Hospital San Francisco, Calif. who

16.

1    submitted a plan of treatment and recommendation, all so on August

2    29, 2006, I was seen by Dr. Zalpuri, who read the letter from the

3    medical consultants, But denied all the recommendation she even had

4    full knowledge before I was seen by her. she put me in substantial

5    risk of serious harm.

6

7    46.  Plaintiff contends that on September 27, 2006, he was given

8    Indequate medical treatment for CHOLESTEROL 341/550 by Practitioner

9    ERICKSON, and denied ordering any of the recommendations remmended

10   by the Doctor's from UCSF, put me in serious risk for an injury in

11   the present and future.

12

13   47.  Plaintiff contends that Dr. GRANT read the plan & Recommendation

14   stated on August 29, 2006, UCSF, and initiate a Vitamin D deficiency

15   Blood Test work up on October 31, 2006, 60-days after the Recommen

16   dation.

17

18   48.  Plaintiff contends that Dr. DASZKO, M.D. review the Lab results

19   on November 12, 2006, which showed Vitamin D-Levels was 8-IU below

20   the Reference Range 20-100, Suggest insufficiency and the need for

21   intense Supplementation Dr. DASZKO fail to follow the 33,000 IU

22   injection 2x a week for 1-week, and then once a week for the Next

23   3-months. His contributory negligence helped bring about a personal

24   injury of an over load of vitamin D 208-IU is 108-over the reference

25   Range, 67, 000--50, 000, daily plus Toxicity, patients was order

26   to take 50,000, 2xaday=100,000IU a day Dr. DASZKO fail to respond

27   appropriately to my serious medical needs, and I would suffer some

28   harm and injury to my body.

17.

49.  Plaintiff contends that while under Dr. David care, her failure to reduce the amount of Vitamin D before plaintiff complain of Toxicity to her before she decreased the Vitamin D from 100,000 a day to 50,000 once a week. she known or should have known that an over load of Vit D would cause serious harm to the patient.

50.  Plaintiff contends that he was seen on two occasion March 1,07, April 26, 2007, by an Endocrinologist, Dr. N. Mardrilego, M.D. due to Elevated Alkaline phosphatase and made Recommendation repeat Vitamin D Blood Test, and Bone Densitomety Scan, Base upon Informat ion and belief. the DEXA should have been done before Vitamin D was started. on April 26, 2007 Dr. Madrilego Recommended that Plaintiff be seen by an Bone Metabolism Expert, as of this date still continue delays 120-days-4-Months.

51.  Plaintiff contends that he was seen by another Endocrinologist on May 24, 2007, Dr. O'Connor M.D. Doctor's Medical Center, Dr. O'Connor was unable to give complete evaluation due to the fact San Quentin Medical Department fail to privid up to date Blood Lab Test , Dr. O'Connor recommended that I be seen by an Rheumatology as of this date 90-days 3-Months delays.

52.  Plaintiff contends that he was seen by Dr. O'Connor M.D. Endocrinologist again on August 24, 2007, 90-days ago, Plaintiff was not seen by the Rheumatology that he requested. Dr. O'Connor now requested that I be seen by an GI and once again the Rheumatology still waiting.

1    53.  On September 26, 2006, Plaintiff filed on Inmate Appeal,(ADA)

2    Americans with Disabilities Act. Form CDC 1824, Log# SQ 06-2801,as

3    a grievance to all the aforementioned issues and ETC. Plaintiff

4    alerted the Medical Department to the Facts that my pain and

5    suffering was still on going, and that his scheduled Consultation

6    have been long delays which constitutes deliberate indifference.

7    Plaintiff further informed the medical department that as he has

8    done on prescribed occasions over the past two in a half years that

9    the muscle relaxers prescribed to me were ineffective in relieving

10   me of my pain.

11

12   54.  Plaintiff would submit that the facts belie the fingings of all

13   the defendants known and unknown and ran contrary to adequacy

14   espoused by the defendants and the Medical department as a whole

15   frome High Desert to San Quentin. one need only consider the facts

16   that nearly three plus years of documented Elevated Alkaline

17   phosphatase, pain and suffering by plaintiff, the visits with a

18   myriad of physicians and the Multiple Blood Lab Test, X-rays, and

19   the prescription of daily pain medication over an extensive period

20   of time, clearly defines the need for experts and Specialist

21   Consultation as a medical necessity. the very fact that plaintiff

22   was place on a waiting list for these consultations and referrals

23   is an admission by the responsible defendants that such is the case.

24   Being that defendant's own review of plaintiff's medical file show

25   that all of plaintiff's Blood Lab Test Results, Elevated Alkaline

26   phossphatase. Vitamin D deficiency was present, X-Rays, in comparison

27   denote findings that appear to be H-High out of Range, Plaintiff

28   would submit that the information garnered by all the phsicians

1   and medical staff from July 2003 and all the facts relevant to date

2   , in 2007, has worsen, and the disease has infiltrative  into

3   multiple sites in the bones. plaintiff still is suffering from

4   debilitating pain and unable to find the cause for the Elevated

5   Alkaline phosphatase, and all the other medical issuse that are

6   associated with the elevated Alkaline phosphatase, osteoarthitis

7   superimposed degeneration bone disease for the last 3-plus years

8   and plaintiff has been suffering an ongoing harm. with belief that

9   some irreparable injury has happend that cannot be replaced or

10  restored, Plaintiff has been having emotional stree, due to

11  indequated medical treatment.

12

13      **IV. EXHAUSTION OF LEGAL REMEDIES**

14

15  55.  Plaintiff, Raynell Carmichael used the prisoner procedure

16  available CDC 1824, (ADA) Americans with Disabilities Act, and

17  Inmate Appeal form CDCR 602-Log# 03-2329 at High Desert State Prison,

18  Susanville, CA. to try and solve the problem. On November 3, 2003,

19  Carmichael presented the facts relating to this complaint. on

20  December 30, 2003 got First Level response, denied, on February 3,

21  2004, got second Level from the Directior's Level Appeal decision

22  exhausts the administrative remedy available to the appellant with

23  in CDCR saying that the grievance had been denied. on May 5, 2004.

24

25  56. Plaintiff, Raynell Carmichael used the prisoner procedure

26  available CDCR 1824, (ADA) Americans with Disabilities Act, and

27  Inmate Appeal Form CDCR Log# CSQ-3-06-02801, at san Quentin State

28  Prison, San Quentin, CA. to try and solve the problem, on September

1    26, 2006, carmichael, presented the Facts relating to this complaint.

2    on November 17, 2006, got first level response PARTIALLY GRANTED,ON

3    July 2, 2007, got second level response is PARTIALLY GRANTED,

4    Plaintiff carmichael was sent a response from the Director's Level

5    Appeal decision which exhausts the administrative remedy available

6    to the appellant with in CDCR saying that the grievance had been

7    denied on August 16, 2007,       ,

8

9                        LEGAL CLAIMS

10

11   Defendant's acted with Deliberate Indifference to Plaintiff's

12   Serious Medical Needs in Violation of the Eighth Amendment of the

13   United States Constitution.,

14

15   57.  Plaintiff asserts that it is well established in Federal Law

16   that the denial of medical attention to prisoners constitutes an

17   Eighth Amendment Violatation if the denial amounts to Deliberate

18   Indifference to Serious Medical needs of prisoner. It is Further

19   well established that the delay of, or interference with, medical

20   treatment can also amount to deliberate indifference. Plaintiff like

21   wise submits that both federal district courts and 9th Circuit

22   findings support that where the prisoner is alleging that delay of

23   medical treatment evinces deliberate indifference, however, the

24    prisoner must show that the delayled to further injury. in the

25   instant case, the delay of defendants here with, and their deliberate

26   indifference to plaintiff's serious medical needs prolonged

27   plaintiff's serious medical

28

                              21.

1   58.  Plaintiff asserts that although he was seen by medical personell

2   from the medical department at High Desert State Prison and San

3   Quentin State Prison, all of them were qualified to exercise Judgment

4   about the Blood Lab Test H-High out of Range-Elevated Alkaline

5   phosphatase problem. This is evidenced by plaintiff medical Records

6   not having any specific Blood Test drawn to find out the cause of

7   the Elevated Alkaline Phosphatase or being placed on any waiting

8   list for Consultation with any specialist or Expert. TWOand Half $2\frac{1}{2}$

9   years plus untreated to this action. Plaintiff would further submit

10  that, although he was seen by doctor's and Practitioner's, factors

11  such as their inability to properly diagnose his condition, their

12  failure to order appropriate Blood Lab Test, and failure of more

13  experienced defendants to examine plaintiff, interfered with his /her

14  exercise of Judgment. Plaintiff would further submit that defendant

15  exercised their judgment as to medical needs and outside consultation

16  by Bone Metabolism Expert, Rheumatolog Specialist, GI Specialist, or

17  an Orthopedic Specialist, but those judgments have not been carried

18  out as of September 27, 2007,

19

20  59, Plaintiff asserts that his condition cause him significant pain,

21  and that he has been forced to suffer with pain even above and

22  beyond the pain medication prescribed at one time, for nearly TWO &

23  a half $2\frac{1}{2}$ years. Under Federal definitions, a serious medical need

24  has been defined as " one that has been diagnosed by a layperson

25  would easily recognize the necessity for a doctor's attention"

26  plaintiff submits that both definitions apply to his claim.

27

28

22.

60.  Plaintiff therefore alleges that defendants at High Desert State Prison, Doctor's , Dr. Rohlfing, Dr. Dickenson, Dr. Dial, Dr. James, Dr. Roche, and all known and Unknown phsician's et al. and San Quentin State prison defendants Doctor's Dr. Sundarson, Dr. Wilson, Dr. David, Dr. Emami, Dr. Slater, Dr. Indu Zalpur, Dr. Corzine, Dr. Daszko, Practitioner-Erickson & Hopking Kenw or should have known that Plaintiff's serious medical problem subjected him to pain and suffering. Defendant's here with were not qualified to exercise judgment about plaintiff's serious medical condition and factors existed that interfered with the exercise of any judgment they might claim. Defendants herewith, with culpable state of mind, subjected plaintiff to unnecessary and wanton infliction of pain, in violation of Eighth Amendment of the U.S.Constitution .

61.  Defendants CMO-Chief Medical Officer's at High Desert State Prison, CMO-Dr. Jack ST. Clair MD, CMO-Dr. Karen Saylor, MD. CMO-Dr. Rene Kanan MD.,all are medical professionals in positions of authority where they knew or should have known that their acts/Omissions, or the acts / Omissions of the staff they supervise would place plaintiff in substantial risk of further injury. pain and suffering, and took No Action to abate it. Defendants herewith either refused to exercise judgment or their duty, or were not qualifed to do so, and subjected plaintiff to unnecessary and wanton infliction of pain and emotional injury in violation of the Eighth Amendment of the U.S. Constitution.

62.  Defendants N. GRANNIS, as chief of Inmate Appeals Branch and empowered to make findings of facts and law for Director's Level

23.

1 │ review of Inmate appeals, was in a position of authority where he

2 │ knew or should have known that failure to remedy the grievances

3 │ submitted by plaintiff would subject plaintiff to unnecessary and

4 │ want infliction of pain and emotional injury in violation of the

5 │ U.S.Constitution, and took No Action to alleviate or abate it.

6 │

7 │ 63. Defendants, RODERICK HICKMAN, and Jame E. Tilton, as secretary

8 │ of the California Department of Corrections and Rehabilitations

9 │ (The Director of Corrections), are ultimately and legally responsible

10 │ for the care and treatment of all prisoners incarcerated in the

11 │ prisons of this state. They are likewise legally responsible for the

12 │ acts / omissions of all employees under the umbrella of this

13 │ authority whom act under color of state law. Defendants Hickman,

14 │ Tilton , were / are in a position of authority where they knew or

15 │ should have known that the acts / omissions of their subordinates

16 │ would subject plaintiff to unnecessary and wanton infliction of pain

17 │ and emotional injury in violation of the Eigth Amendment of the U.S.

18 │ Constitution, and took No Action to alleviate or abate it.

19 │

20 │ 64. Defendant, Robert Sillen, is the Federal Receiver of the

21 │ Department of Correction and Rehabilitation "The california Prison

22 │ Health Care Receivership CORP." is ultimately and legally responsible

23 │ for the care and treatment of all prisoners incarcerated in the

24 │ prison of this state. He is likewise legally responsible for the

25 │ acts / omissions of all employees under the umbrella of his authority

26 │ whom act under color of state law. defendant, sillen was in a

27 │ position of authority where he knew or should have known that the

28 │ acts / omissions of his subordinates would subject plaintiff to

24.

1    unnecessary and wanton infliction of pain and emotional injury in

2    violation of the Eighth Amendment of the U.S.Constitution, and took

3    No Action to alleviate or abate it.

4

5    65.  Plaintiff asserts that all named defendants had a duty to ensure

6    patient safety and security, his care and treatment, and his right

7    to be Free from Gruel and unsual punishments.

8

9    66.  The plaintiff has no plain, adequate or complete remedy at Law

10   to redress the wrongs described herein. Plaintiff has been and will

11   continue to be irreparably injured by the conduct of the defendants

12   unless this court grants the declaratory and injuctive relief which

13   plaintiff seeks.

14

15                    **PRAYER FOR RELIEF**

16      WHEREFORE, Plaintiff respecfully prays that this court enter a

17   judgment granting plaintiff a judgment declaring that defendants,

18   and each of them, through individual and collective acts practices

19   and omissions complained of here in subjected plaintiff to unnecessary

20   and wanton infliction of pain and emotional injury in violation of the

21   Eighth Amendment of the U.S.Constitution; Issue a service order.

22

23   67.  That the court issue a TRO or a Preliminary injunction prohibit

24   ing defendants, their successors in office, agents and employees,and

25   all other persons in active concert from continuing to deny, delay

26   and Obstructions of plaintiff consultation for Bone Metabolism Expert,

27   rheumatology consultation, Specialist, GI-specialist, MRI, and a

28   Orthopedic Specialist. and plaintiff adequate medical car; to be

1 | treated all at UCSF-University of Califorina , San Francisco,Hospital.

2 |

3 | 68.  That the court award Compensatory Damages in the amount of

4 | $ 850.000     ;aginst each defendand, jointly and severally. for

5 | the wanton infliction of pain and the mental and emotional distress

6 | caused by defendants,     See my notes

7 |

8 | 69.  Punitive damages in the amount of $.250,000     ; against each

9 | defendant for their reckless and deliberate indifference to plaintiff

10 | 's substantive rights;

11 |

12 | 70.  A jury trial on all issues triable by jury;

13 |

14 | 71.  Plaintiff's cost of this suit / all Attorney fees;

15 |

16 | 72.  Any additional relief this court may deems just, proper, and

17 | equitable.

18 |

19 | 73.  Respectfully Submitted this 30     ,day of October  ,2007,

20 | /s/ Raynell Carmichael

21 | Raynell Carmichael, D-25366
San Quentin State Prison-2N-1-L

22 | San Quentin, CA. 94974
In Propria Persona

23 |

24 | **verification**

25 | I have read the foregoing complaint and here by verity that the

26 | matters alleged therein are true, except as to matters alleged on

27 | information and belief, and, as to those, I believe them to be true.

28 | I certify under penalty of perjury that the foregoing is true and

26.

1  correct.

2

3       Exected at, San Quentin California on date: OCTOBER 30, 2007,

4

5       Signature: *Raynell Carmichael*
                Raynell Carmichael-Plaintiff

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# DECLARATION OF SERVICE BY MAIL

CV 07 5622 CW (PR)

FILED
NOV - 6 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

I, __DARRYL LEE GOLDSTEIN__, the undersigned, declare:
        Printed Name of Declarant

I am over the age of 18 years, a citizen of the United States of America, and am not a party to the cause within. My residence address is:

CDC No. __D-25366__      Housing __2-N-1-L__
San Quentin State Prison
San Quentin, CA 94974

E-filing

On __October    30__, __2007__, I served the following document(s): NOTICE TO PRO SE
   Month/Day          Year    RE: EARLY SETTLEMENT PROGRAM
__1983-Civil Rights Complaint,Complaint under the Civil rights Act,__
__42 U.S.C.§§ 1983, Declaration of Raynell Carmichael In Support of__
__Plaintiff's serious Medical Condion, Motion For Temporay Restraing__
__Order,Menoranddum Of Law In Support Motion For A TRO And Preliminary__
__Injunction, Declaration In Support Of Plaintiff's Motion for A__
__Temproray Restraing Order And Preliminary Injunction,Plaintiff Motion For__
__The Court To take Judicial Notice -Fed Rul Evid. Section-201,__
on the parties and at the addresses described below by placing the pleadings in a
sealed envelope, with postage fully prepaid, and presented said item(s) to
Corrections Department staff for mailing in the United States Mail as per the rules
and regulations governing outgoing legal mail at San Quentin State Prison.

__OFFICE OF THE CLERK, U.S.DISTRICT__
__NORTHERN DISTRICT OF CALIFORNIA__
__450 GOLDEN GATE AVENUE__
__SAN FRANCISCO, CALIFORNIA, 94102__

I swear under penalty of perjury that the foregoing is true of my own personal
knowledge. Executed on this __30__ day of __October__, __2007__, at
San Quentin, CA, County of Marin.

Signature of declarant