FILED
08 JAN -9 PM 1: 16
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N. DISTRICT OF CALIFORNIA

1  Raynell Carmichael, D-25366
   San Quentin State Prison-2N1-L
2  San Quentin, CA. 94974

3  In Propria Persona

4

5          IN THE UNITED STATES DISTRICT COURT

6         FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8  Raynell Carmichael

9       Plaintiff                    Case No. CV-07-5622 CW

10

11      VS.                          MEMORANDUM OF LAW IN
                                     SUPPORT OF PLAINTIFF'S
                                     MOTION FOR APPOINTMENT
12                                   OF COUNSEL.

13 James E. Tilton, et al.,

14      Defendants

15

16        MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR

17                 APPOINTMENT OF COUNSEL

18

19 **STATEMENT OF THE CASE:**

20 This is a civil rights case filed under 42 U.S.C. Section 1983 by

21 a state prisoner asserthing claims of denial of adequate medical

22 care and treatment.

23        The plaintiff seeks damages as to all claims.

24

25 **STATEMENT OF THE FACTS:**

26 The complaint alleges that the plaintiff was denied adequate and

27 timely medical care and treatment. Plaintiff hereby incorporates by

28 reference the statement of facts in the complaint and attached

(1)

1  inmate administrative appeals as being a true and correct factual

2  statement.

3

4                    **ARGUMENT**

5   **THE COURT SHOULD APPOINT COUNSEL FOR THE PLAINTIFF**

6  In deciding whether to appoint counsel for an indigent litigant the

7  court should consider "the factual complexity of the case, the

8  ability of the indigent to investigate the facts, the existence of

9  conflicting testimony, the ability of the indigent to present his

10 claims and complexity of the legal issues". **abdullah v Gunter, 949 F.**

11 **2d 1032,1035 (8th Cir 1991)** (citation omitted), cert denied 112 s.

12 1995 (1992). In addition, courts have suggested that the most

13 important factor is whether the case appears to have merit. **cooper**

14 **vs A. Sargenti Co Inc, 877 F 2d 170, 173 ( 2d Cir 1989 )**. Each of

15 those factors weighs in favor of appointing counsel in this case.

16

17 1. Factual Complexity

18 The plaintiff alleges that he was provide inadequate medical care

19 and treatment by state prison officials, and supervisory officals

20 took no action to prvent the constitutional deprivations.

21 Based on the claim for denial of medical care and treatment, it will

22 be necessary to present a medical expert witness or to cross examine

23 medical witnesses called by the defendants, or both. The presence of

24 medical or other issues requiring expert testimony supports the

25 appointment of counsel. **Moore VS Mabas 976 F 2d 268, 272 (5th Cir**

26 **1992)** : **Jackson vs County of McClean 953 F 2d 1070, 1073 (7th Cir**

27 **1992); Tucker vs Randall, 948 F 2d 388,392 (7th Cir 1991)**.

28

1    2.  The ability to investigat. The plaintiff is confined to state

2    prison. The prison is overcrowded and there is a modified program in

3    effect to assure that the Reception inmates and mainline inmates do

4    not mix, thus limiting the plaintiff's access to the law library,

5    Plaintiff is not able to locate and interview medical staff,

6    supervisors and other correctional administrators He is in the same

7    situation as an inmate who has been transferred to a different

8    institution, a factor that several courts have cited in appointing

9    counsel. Tucker vs Randall, 948 F 2d 388, 391-92 (7th Cir. 1991):

10   Gatson vs Goughlin, 679 F Supp. 270, 273 (WDNY 1988) : Armstrong V.

11   Snyder, 103 F.R.D. 96 105 (ED.Wis 1984).

12   In addition this case will require considerable discovery concerning

13   the identity of correctional staff at the prison, administrators,

14   staff of the Federal Receiver, his stories of the medical staff with

15   prior records of constitutional deprivations. See Turker vs Dickey,

16   613 F. Supp. 1124-1133-34 (WDWis 1995) ( need for discovery supported

17   appointment of counsel).

18

19   3. Conflicting testimony. The plaintiff's account of the denial of

20   medical care and treatment will be squarely in conflict with the

21   defendant's accounts.

22   The existence of these credibility issues supports the appointment

23   of counsel. Gatson v. Goughlin 679 F Supp. 270,273 ( W.D.N.Y. 1988).

24

25   4.  The availability of the indigent to present his claim. The

26   plaintiff is an indigent prisoner with no legal training, a factor

27   that supports the appointment of counsel. Whisemant vs Tumm, 739 F

28   2d. 160, 163 (4th Cir. 1984). In addition, he is impaired by what

(3)

1  law library access that he does have based on the prison overcrowding

2  situation Reyes v Johnson, 969 F 2d 700, 703-04 (8th Cir 1992)

3  (citing lack of ready access to a law library as a factor supporting

4  appointment of counsel. )

5

6  5.  Legal Complexity + The large number of defendants, some of whom

7  are supervisory officials, presents complex legal issues of

8  determining which defendants were sufficiently personally involved

9  in the constitutional violations to be held liable. In addition the

10  plaintiff has asked for a jury trial, or the EARLY SETTLEMENT PROGRAM

11  which requires much greater legal skills that the plaintiff has or

12  can develop. See Abdullah vs. Gunter, 949 F 2d 1032, 1036 (8th Cir.

13  1991) (citing jury deman as a factor supporting appointment of counse

14  cert denied 112 S. Ct 1995 (1992).

15

16  6.  Merit of the case. The plaintiff's allegations, if proved, clearl

17  would establish a constitutional violation. California officials have

18  already admitted that the state medical system is deficent and the

19  Federal District Court has appointed a Receiver to run the prison

20  medical system.

21

22  The allegations of denial of medical care and treatment amount to

23  "Intentionally interfering with treatment once prescribed", which

24  the Supreme Court has specifically cited as an example of unconstitu

25  tional deliberate indifference to prisoners' medical needs. estell

26  vs Gamble, 429 U.S. (& S Ct 285 (1976).

27

28

1                          **CONCLUSION**

2

3     For the foregoing reason, the court should grant the plaintiff's

4   motion and appoint counsel in this case.

5

6

7   Respectfully Submitted

8

9   /s/ *Raynell Carmichael*        Date:JANUARY 6, 2008,
        Raynell Carmichael, D-25366
10      San Quentin State Prison-2N-1-L
        San Quentin, CA. 94974

11

12      In Propria Person

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                    (5)